The next case on our call this morning is case number 107003, consolidated with 107112. In the Interests of Denzel W. A. Minor. Counsel may proceed. Note this is agenda number two. Good morning, Your Honors. Mr. Chief Justice, esteemed members of the court and counsel, I'm Assistant State's Attorney Douglas Harbath representing the people of the state of Illinois. The appellate court in Denzel W. erroneously held that the minor respondent was denied his Sixth Amendment right to counsel simply because he did not consent to the law student's participation at his trial in violation of Supreme Court Rule 711. In so doing, the court incorrectly held that the rule violation itself was a structural defect which is automatically irreversible and not subject to a harmless error analysis or a showing of prejudice. The appellate court essentially held that any participation at a criminal trial by a law student is tantamount to that defendant proceeding pro se because it operates as an absolute complete denial of counsel. However, where a defendant is consistently represented by counsel, by licensed counsel throughout the proceedings, as Denzel W. was and as Kenneth Smith was, there can be no Sixth Amendment violation. Although it determined that the minor, Denzel W., was deprived of counsel, the appellate court in Denzel W. neglected to analyze the issue under the rule set forth in United States v. Chronic, which is the only appropriate analytical framework for finding a complete denial of counsel. By equating consent under Rule 711 with a waiver of counsel, the appellate court in Denzel W. in effect held that when a criminal defendant validly consents to participation of a law student, he ipso facto waives his right to counsel. The appellate court in Kenneth Smith recognized that the lack of consent alone cannot support a claim of per se ineffective assistance of counsel or the absolute denial of counsel. Therefore, this court should reverse the decision of the appellate court in Denzel W. and affirm the decision in Kenneth Smith. Consent under Rule 711, that portion of the rule, is a state procedural prescription. It's not a constitutional right. Because that part of 711 is not grounded in the Constitution, because it does not involve due process, it is not a structural defect. To use the language from Glasper, the recent decision of this court, it is a right that is conferred only by Supreme Court rule. It does not involve due process. Therefore, its violation cannot be a structural defect and does not entitle the defendant to automatic reversal. This court has recognized, and the U.S. Supreme Court has recently recognized, the vast distinction between rule violations on one hand and constitutional violations on the other. In Illinois v. Rivera, the United States Supreme Court reiterated the expression that errors of state law do not automatically become violations of due process. And in this case, Supreme Court Rule 711, like the Supreme Court rule that was implicated in Rivera, which was Rule 434 regarding peremptory challenges, is also, like 434, is a state procedural prescription. So its violation alone cannot be treated tantamount to a violation of the Constitution. In Glasper, this court recently stated that the harmless error doctrine applies to violation of Supreme Court rules. And it's important to note that, as in Glasper, this court noted that even where the Supreme Court rule arguably is rooted in the Constitution itself, it still doesn't entitle a defendant to automatic reversal when the rule is violated. To the extent that Rule 711 can also be viewed as being rooted in the Constitution, although the people don't concede that, although it does speak to the defendant's right to counsel in terms of a 711 student being supervised, the rule itself is not rooted in the Constitution. But even if it were, the violation of the consent portion of Rule 711 does not violate and did not violate either the minor respondent or the defendant's constitutional rights to counsel. In short, there's no constitutional right to either consent or to decline your consent to a law student's assistance at your criminal trial. The appellate court in Denzel W. equated the issue of consent with the outright waiver of counsel. However, the two issues are completely different, and we use the language in our brief that is a non sequitur. To say that a defendant didn't consent to the assistance of a law student at his trial cannot be equated with his absolute complete waiver of counsel altogether. One is a procedural mechanism that allows a law student to participate at trial and to assist the licensed attorney under the supervision of that attorney. However, the waiver of counsel itself is the defendant's method of going pro se. That is, without an attorney altogether. That doesn't even approach the same situation as in this case with both Kenneth Smith and Denzel W. where each was represented not simply by an assistant public defender, but by a law student as well. What the appellate court in Denzel W. did by equating consent with waiver is it extended the rule set forth in Feretta, which set forth very detailed requirements for what needs to take place for a defendant to actually waive his right to an attorney. It has to be made knowingly and voluntarily, it has to be made intelligently. Supreme Court Rule 401 in Illinois lays out those requirements, and it stipulates that a defendant has to be made aware of the charges pending against him, what the minimum and maximum sentences are, and that he actually has the right to counsel if he so chooses. And only after all those requirements are met, only then can a defendant actually waive his right to counsel. And in this case, that was, we would suggest is inappropriate to equate that with the simple absence of consent to have a law student present and participating in a criminal trial. The appellate court also described this as a structural defect. So in effect, because they found that the lack of consent was tantamount to a waiver of counsel, and an absence of counsel for that matter, they treated it as a structural defect. However, this could not be treated as a structural defect. Is it clear from the record that the 7-11 student was in the courtroom functioning as a lawyer when the supervising lawyer was not present at all? The record is clear that the law student is acting in the capacity as an advocate under the active supervision of the public defender in both cases. By active supervision, do you mean in the room? Well, I think the record in both cases supports, there are certain parts of the record that show that the public defender was actually intervening where necessary. So I guess if Your Honor is asking whether or not, is there evidence of active, literally active supervision where the public defender is helping or telling the student what to ask, there are some examples of that. In Kenneth Smith, there are no examples of any intervention. However, I raise that to make the point that there is no evidence that any intervention was necessary. So I think where the record is maybe silent on a public defender not actually participating and asking the questions or telling the student what questions to ask. But there's no question that the person, the supervising public defender was present? There's no question. Counsel, do we evaluate the law student under Strickland? I mean, how do we evaluate the work of the student? The analysis... The law student isn't counsel for the purposes of Strickland, is he? Well, we would argue that in a situation where the law student is actively supervised, that yes, the law student does satisfy the constitutional right to counsel, provided that they're supervised. And in this case, as we stated, that there is ample evidence that the students in both cases were supervised throughout all of the proceedings. The courts since Strickland and since Cronic, excuse me, of course they were decided on the same day. The courts that have, throughout the country, who have addressed this issue, haven't approached it in terms of Strickland and Cronic, and they apply the analysis in Cronic, which says that a defendant is not deprived of counsel unless the deprivation is complete. And the Supreme Court honed that even more in Bell v. Cone, where they said there's only three situations where you get a Cronic violation. That's when there's a complete denial of counsel, one. Number two, when the attorney entirely fails to subject the state's case to adversarial testing. Or three, where even competent counsel would be unable to provide assistance of counsel, an attorney that's forced to trial within a matter of minutes or the next day. Neither of those situations is remotely applicable to this case. So therefore, Cronic doesn't apply, and Strickland has to apply. Yes, Your Honor. And I don't think that would, there's, the analysis would be the same, because the lack of consent does not affect whether or not, the difference in the representation. If the defendant in either case had been consent on the record, written or verbal or otherwise, the representation is still the same. The defendant is still represented by a licensed attorney who is supervising a certified law student. But you've answered my question to say that the law student is actually subject to Strickland analysis, but he's not counsel. Well, I guess I stand corrected then. What I meant to say was that he or she is counsel when they are supervised. And I think that's the distinction between the way that the appellate court and Denzel W. approached this is they determined that this is not counsel because of the lack of consent. But the overwhelming consensus of other states that have addressed this issue have come down nearly uniformly to say that when a law student is supervised, then they become, they are, they satisfy the counsel under the Sixth Amendment. The lack of consent doesn't control the determination as to whether or not Strickland applies. It's the presence or lack of supervision. So you would just have this Court employ harmless error analysis in these cases when there wasn't consent? Yes. And in these two cases, you're indicating that the error, if any, was harmless? That's correct, Your Honor. That would not require a Strickland analysis. Well, I guess the way we phrase it is harmless error analysis or a showing of prejudice. Maybe it's a distinction without a difference, but I think in reaching the errors, if any, this Court should apply Strickland. So I guess it's, Strickland is the analytical approach as it is for addressing any claims of deficient performance by an attorney. The Reviewing Court goes through. I do have the one problem to meet, and that is Strickland applies to attorneys, not non-attorneys. Well, I don't know that that's, I guess I would disagree with Your Honor that Strickland can't apply when a law student is adequately Strickland can or can't? Cannot, I'm sorry. That it can apply to situations where a law student is adequately supervised. They are licensed by the State of Illinois, these law students, they're certified, and there's the, I guess, I'd like to point out that there's no other facet of Rule 711 that was not complied with. The only mistake was that consent was not obtained. And your reason for supervision being so important is that the Strickland analysis applies in light of the fact that with supervision that the supervising attorney's conduct is being scrutinized, right? That's correct, by way of the law student. I mean, there's a reason that the rule requires active supervision, and it's because, according to the language of 711, that the attorney herself should be responsible for the conduct of the proceedings. So that's actually in the rule itself. So where the attorney, in this case the assistant public defender, is actively supervising, as long as she is responsible for the conduct of the proceedings and there's evidence that she is supervising, then the defendant's Sixth Amendment rights are honored completely. The other states that have addressed this have consistently held that the supervision component must control. It doesn't make sense that the lack of consent alone operates as an absolute denial of counsel. This Court, although it created a rule that includes the requirement of consent, didn't have to under the Constitution. By doing that, this Court didn't create a constitutional right to consent or not consent to the presence of a or participation of a law student at trial. This Court deemed that it is important, and of course we acknowledge that the Supreme Court rules are to be enforced and obeyed. However, to reverse, it doesn't make sense to reverse simply by virtue of the fact that the rule has been violated. There must be more, there must be a showing that the constitutional rights have been deprived in some way. And the Court said that as recently as Glasper and also in Rivera. The final analysis, though, it's a case-by-case determination, isn't it? I don't think it needs to be a case-by-case basis. I think, I mean, the issue in both of these cases is, I think, is functionally identical. There's no consent in either case. The representation or the participation of the law student occurred at a critical stage. So whether it was a pretrial motion to suppress or trial itself, they're both critical stages. So I think it doesn't necessarily have to be a case-by-case basis, because I don't know that that would... The line is either yes, yes, it's a violation, or no, it's not. Well, it is, well, certainly we've conceded from the very beginning that the rule is violated. But the question remains, what is the consequence for that violation? Well, then, to rephrase it, is the consequence dismissal of the case, yes or no? It is not. That would be the bright line. Well, that would be a bright line that I don't think would be appropriate. This Court has said that... Justice Fitzgerald's point is, I mean, if we're going to look at a harmless error and look at whether or not there's prejudice as a result of a Strickland analysis, how is that not case-by-case? I mean, you're going to have... There may be a case somewhere down the pipeline in which there was prejudice. I know that your position is there weren't in these two cases, but if there was prejudice, you could see where it might be a reversal, right? Absolutely. We could have a case where the 7-11 is only present in the courtroom, and the supervising PD is not there. Would that make a difference? And in those situations, Your Honor, absolutely. That is a denial of counsel, because this is a law student who is not supervised. Are we getting back to a case-by-case analysis then? Well, I guess... I don't think so. I mean, in the sense that simply because this Court would be applying Strickland to analyze whether or not a defendant received a fair trial would not necessarily be a case-by-case basis. This Court routinely applies Strickland analysis in reviewing attorneys' deficient performance and prejudice. So Strickland is always, in that sense, Strickland itself, when it's applied, is always a case-by-case basis. But we're asking, in this case, I think it's appropriate that Strickland, just that Strickland apply, that the rule should be that Strickland is the analytical framework under which this case, whether or not the defendant deserves a new trial. So what you're saying is not case-by-case. This Court should say that a harmless error analysis applies in these situations, and Strickland is looked at. Yes. And you're saying we do that regardless of what stage of the proceedings or that the 7-11 is involved in. Is that what you're saying is in case-by-case? Because that's what harmless error always indicates, a case-by-case situation. I guess harmless error to the extent that in reviewing whether it was harmless, if he or she was harmed, that question is answered by Strickland. I think I understand. So you don't want this Court to say it's harmless in this set of circumstances and not harmless in the other. To that extent, you want a ruling where you don't think it's necessary to delineate in that type of ruling. Right. And I think that, as I said, by applying Strickland, that is the harmlessness analysis. And that's what we're asking for. So I see that my time is almost up. I would ask that this Court, based on the arguments set forth today in our briefs, that this Court reverse the decision of the appellate court in Denzel W. and affirm the decision in Kenneth Smith. Counsel, you may proceed. Good morning, Your Honors. Counsel, my name is Brian McNeil. I represent Appellant Kenneth Smith. My co-counsel, Ms. Borland, and I will be dividing our time approximately 15 minutes apiece. That's our plan at this point. There's no dispute that Rule 711 was violated in this case, Your Honors. The State acknowledges that Mr. Smith never gave his consent to student representation. The State also claims that that's the only violation. That's actually not true here. The trial court also was never notified of the student representation. That's an additional violation we're claiming here. The Rule is very clear and easy to follow, and yet it was flagrantly violated in this case. We're asking that a remedy is required in order to protect the right to counsel and maintain the integrity of the legal process in Illinois. The State's position is really just that these violations should simply be ignored. It dismisses them as mere technicalities. However, the United States Supreme Court explained in Mayne v. Moulton that the right to counsel is fundamental and of paramount importance because it exists to protect all other fundamental rights. Overlooking the lack of consent in this case would thus defeat the Rule's primary purpose. But the Rule requires that the 711 student be supervised by a licensed attorney. Isn't that correct? That's correct. It does require supervision. So isn't the defendant at all times represented, even if the 711 student is actually participating? Not necessarily, Your Honor. We concede that the public defender was certainly in court the entire time. However, for those portions conducted by the law student, Mr. Smith's active counsel and advocate was surely a law student, not actual counsel. We don't know exactly what might have happened, what sort of circumstance could have occurred that would have required supervision, but we don't see counsel stepping in at any point to actually step in and be licensed counsel. His advocate was a law student. The consent requirement exists independently of the supervision requirement, and that's the requirement that's violated here. So you're saying Bright Line Rule, right? Not exactly Bright Line Rule, but our position is where there's a violation of Rule 711 at a critical stage such as this, there needs to be some sort of remedy in order to maintain the right to counsel. Is the remedy always reversal? In this instance, because the violation occurred at the suppression hearing, it makes the most sense to remand for a new suppression hearing. That's why we're not asking for a new trial, because that would be a windfall. That is Bright Line, though, isn't it? I mean, if we're not going to do a harmless error analysis, I mean, it's a per se violation of the Rule constitutes reversal if it's at a critical stage, according to your position. If it occurs at a critical stage, that's absolutely correct, Your Honor. What's wrong? What would mandate in the 711 context, what would mandate per se reversal versus a harmless error analysis? What can you point to to indicate that per se reversal is the correct course for the court? The fact that we're dealing with the rights of counsel here, Your Honor, I think is very different from situations where this court has applied harmless error analysis, such as Glasser and Rivera. In those cases, we were talking about Rule 434B, and we were talking about a right that strictly was created just by a Supreme Court rule, the right to certain questions during voir dire. Rule 711, however, is clearly rooted in the right to counsel, and that's a more serious violation. Mr. Smith never had his opportunity to insist that actual counsel represented him at all critical stages. In addition, we don't know, the harm here really can't be measured, which is inappropriate in the context of harmless error. We don't know what actual counsel might have done at the suppression hearing had it been representing Mr. Smith's interests. Is Strickland a workable tool for assessing the performance of non-attorneys? In our position, absolutely not, Your Honor. Strickland applies to actual counsel. That's why there was a presumption of competence applied in that case and in other cases interpreting it. With a law student, he's never had his competence certified in any way by passing the bar or even taking the character and fitness examination. In addition, with regard to... There is a certification as a 711 law student. That's true, Your Honor, but it doesn't rise to the level of what attorneys have to go through in order to achieve licensure. If we were to adopt a per se rule, wouldn't, couldn't that lead to absurd results? For example, could a conviction be reversed if the defendant did not sign the consent form and the student participating in the trial by performing a ministerial act such as getting a certified copy of conviction admitted into evidence? Would that result in a... That's an interesting question, Your Honor. I think that that might be a situation where you can find absolutely, truly de minimis representation. But in general, our position is that if... It would be a case-by-case analysis. Well, I'd say no, except with perhaps a de minimis exception. But that wouldn't be appropriate here because we're talking about representation at a critical stage where the student questioned the police officer in question and made a closing argument on the motion. That's a far different story. The U.S. Supreme Court in Brigham, a case you cite, lists, I believe, seven structural errors relating to the Sixth Amendment right to counsel. Which one of those errors does this 7-11 situation fall under? The denial of right to counsel, Your Honor. So it's the way that that case cited is the total deprivation of the right to counsel. And you're saying that applies even though the 7-11 is being supervised by a licensed attorney? That's correct, Your Honor, because in this instance, the student conducted very significant portions of the suppression hearing. And while the attorney was there for those portions, the student was his counsel. The Sixth Amendment requires an active advocate on behalf of criminal defendants, whereas here we simply had a passive person, as Justice Fitzgerald said, just sitting in a courtroom. We don't think that's enough for the purposes of protecting the right to counsel. But the most important thing is that even if this court doesn't find a federal constitutional violation, protection of Rule 7-11 and this Rule 7-11 violation itself is reason enough to grant a remedy in this case. Are you saying that any time a defendant consents to a 7-11 student representing him, he's giving up his right to counsel for anything that student does? We wouldn't say 100 percent, not completely, but he's certainly surrendering some portion of it. If the right to counsel means anything, it surely means the right to insist that, no, I want actual counsel to represent me at all these proceedings. It's certainly our position that if Mr. Smith had been presented with the opportunity to say, no, I want actual counsel, he could have said so. And Rule 7-11 requires that that opportunity be granted. But you're saying in your analysis that any time they consent, they're really giving up their right to counsel for whatever that 7-11 student does. They're allowing something less than actual counsel to represent them. How can a juvenile do that when the law requires that they be represented by counsel? Wouldn't that mean that in no juvenile proceedings could a 7-11 student participate? Actually, my co-counsel, I believe, will be talking about that a bit. Her case is the juvenile case. But as far as I know at this point, there's no specific exclusion in the context of juvenile cases. Following up on Justice Garvin's question, though, then every defendant who, even if they sign the consent for 7-11, can come back and say under the Strickland analysis that 7-11 really wasn't rising to the level of counsel and come back and complain about that. You're saying that they are protected because they have the option to complain about ineffective assistance under Strickland? Well, it seems like they could. I mean, in fact, even if there was all the procedural requirements that were adhered to under the 7-11 and the 7-11 student was performing some work in the trial, the defendant could always come back and say, well, under Strickland that 7-11 really did rise to the level of real counsel because he's not counsel. That's a potential argument in certain circumstances, and I believe that's what happened in the AV case. However, here where there's no consent in the first place, it doesn't make sense to apply Strickland. Strickland is dealing with actual attorneys, and in all the cases that the state has cited. So 7-11s are not analyzed on their work product under Strickland? It's our position they should not. Right. It's our position that they should not be because they're not actual counsel. They've never taken the bar exam. They haven't had their competence certified in any way. In cases like Brigham, this court made a big distinction between unlicensed counsel representing the criminal defendants in court. The first category are people who inadvertently became unlicensed, such as an attorney who failed to pay his bar dues, but had previously been a licensed attorney. In the second category, there are imposter attorneys who have never had their competence certified in any way. And this court stated in that case that those in the second category have consistently and overwhelmingly been found to constitute a denial of counsel. Law students clearly fit in the second category because they've never taken the bar exam or had their character and fitness evaluated or any of the other things that must be done in order to achieve licensure. So how do we evaluate them? It's our position that you probably don't. If they represent a defendant at a critical stage, that's a violation right there and it requires a remedy because you can't really adequately analyze what they've done. The Strickland standard simply doesn't work, and I don't think there's another standard that some sort of median standard has not even been proposed. I don't know what it might be. Couldn't you just see whether or not the defendant could establish prejudice? It's our position that you can't because it's really dealing with, as the U.S. Supreme Court stated in Gonzales-Lopez, an inquiry into an alternative universe of what might have happened. There are programs like this throughout the country, is there? That's true, Your Honor. Would your argument be the death knell for such programs? Not at all, Your Honor. Our argument is simply that the rules must be complied with. The State stated earlier that cases across the country consistently have found no reversal is necessary, even when there's a violation. However, that is when there's supervision. However, these cases assume that the other rules have been complied with. Most importantly, actual consent. So long as the rules are complied with, there's absolutely no problem. On the consent issue, I don't know whether it plays a part in your cases or not, but it seems to me that you have a situation where the defendant is in the courtroom at the time the 7-11 student is performing. It seems that in many circumstances, the defendant would be aware of the fact that this person was not a lawyer and was a law student. I suppose that's possible, Your Honor, but the record certainly doesn't show that in this case. There's no indication. The student never even said on the record, I'm a student or I'm not a lawyer or I'm operating under Rule 7-11. There's no indication whatsoever to give Mr. Smith a clue that he was being represented by anything other than an attorney. To ask you a further question, if in fact we deem this as you're waiving the right to counsel by having a 7-11 student represent you, there's nothing in the law that requires the court to admonish a defendant that by accepting this representation by a 7-11 student, you are waiving your right to counsel as you would in other waiver issues. Is that correct? That's correct, Your Honor, but our position is not that we're talking about a full waiver of counsel, as would be the case as the State mentioned. What we're talking about is just complying with the rule. We're not asking for on-record admonishments or anything like that like you have in other Supreme Court rules for total waiver of counsel. But wouldn't that be required? I mean, wouldn't that be the next case on down the road that I didn't understand when I consented that I was giving up my right to counsel? I don't think so, Your Honor. There's no requirement in Rule 7-11 that there be any such admonishments. Exactly. A defendant making that argument would have no point whatsoever because if the rule is complied with, there's no problem. But the rule was concededly violated in this case. There was no consent at all. In addition, I'm sorry, go ahead, Your Honor. The trial court also was not given the opportunity to step in and maintain the integrity of its courtroom by making sure that Mr. Smith gave consent because there's nothing on the record to show that even the court knew that a student was representing Mr. Smith in court. Mr. McNeil, in the case of 7-11, did I hear you correctly when you stated that it depends on what point in the case or the trial would be more prejudicial than others? I mean, it's a critical point you said, in the trial. Other times it's okay, but I don't know if anything in the rules of 7-11 that distinguishes where 7-11 can actually perform services. We're drawing the line at critical stages, Your Honor. Such as a case-by-case analysis. Well, I think critical stages are fairly well established. There's a lot of different points in the proceedings that can be described as critical stages. There's trial, obviously, a critical stage. In this case, we're talking about a suppression hearing, which has also been demarcated as a critical stage. In the Trulli case, which the state relies on, there was no relief necessary there because the student represented the defendant out of court in just providing some counseling of some sort. That's not a problem because the student wasn't doing anything that only a lawyer is allowed to do, such as step up in court and appear at a critical stage. But Chief Justice Fitzgerald said that it almost is a death knell for 7-11 if they can't be in the courtroom during trial. They can be. They absolutely can be. And they can't perform services, though. It only at certain points. As long as there's consent, as long as the rule is filed, they absolutely can be there. Our position is that the rule needs to be followed, simply. And it's only when there's a violation, such as a total lack of consent or not bringing it to the court's attention, that that's when we step in and say this is inappropriate, when Mr. Smith's personal right to insist on actual counsel has been denied. We're dealing with a case where the rule was flagrantly violated. In cases such as the Carlos Perez case that the state relies upon, those are per se challenges to the idea of student representation in general. That's not what we're saying. We're saying if the rule is violated, then a remedy is necessary. Where it's complied with, there's no problem. Mr. McNeil, does your constitutional argument on right to counsel mean that our rule, on its face, doesn't comply with the constitutional law that you're relying upon? No, Your Honor. Our position is that your rule needs to be complied with, because it's there in order to make sure that the constitutional rights of defendants are not violated. That's our first argument, that Rule 711. Let me ask you this. Let's say the defendant consented. Let's say the judge knew this was a 711 student. Under paragraph C sub 2, a little Roman numeral 2 sub paragraph, it talks about the supervising attorney who shall be present in the courtroom and responsible for the conduct of the proceedings. Was this attorney, everybody I think agrees, Was present, yes. And does that mean they have to actually be actively participating or just be responsible for the conduct? They have to be responsible for the conduct. We have no quarrel, obviously, with the supervision. What is in the record that they were not responsible for the conduct? There's nothing specifically to indicate. However, the student did conduct significant portions of the hearing during which there was no intervention. But as far as we're concerned, the real... Excuse me. Did anybody challenge the quality of the work that the student did during this period of time? No one has ever challenged that, Your Honor. That's correct. But at any rate, our position is that this court, first and foremost, needs to correct the violation in order to enforce its own rules. Nothing in any of the cases the State has cited gives any problem with or suggests that this court doesn't have that power. And if it doesn't, there's a serious concern of who's going to appear in court representing criminal defendants without their consent. With that, I would like to ask you to thank you and ask you to reverse the decision of the appellate court and remand the cause for a new suppression hearing. Thank you very much, Your Honors. Counsel. Counsel, I don't know at what point you are time-wise, but you do understand you're limited by the time available. I do, Your Honor. Thank you for reminding me, too. I will keep my eye on the yellow light. May it please the Court, my name is Caroline Borland, and I represent Denzel W. In fact, in this case, the appellate court found that it was the appearance of a law student with two violations of Rule 711 that required that Denzel be granted a new trial. It was a violation of both the consent component and a violation of the superconvision component. And we would ask this court to affirm that position. We have talked a lot about the importance of consent already, but today the point I would like to highlight is that the law student in Denzel's case performed a significant amount of representation that only a licensed attorney may provide. She presented the testimony of two key defense witnesses. Where does it say in the 711 rule that only certain places where 711 can represent the defense? As far as? In certain critical areas, in certain critical times in the trial. Where does it say in the rule that they're limited? The rule requires that in criminal courtrooms, the law student must have the defendant's consent to act at all. And this is the distinguish that the court made in this case, the appellate court did, when they said, were it ministerial tasks only that the law student provided, then there may not, that would arguably be a procedural violation that's harmless there. But this was the law student standing instead of the attorney. And rule 711C2, I believe. Let me ask the same question we placed to your colleague. If the student was doing a ministerial act, going to the court's office and getting a copy of a prior conviction, and that was the only thing that the student did, and he didn't have consent to do it, would that end up in a reversal of that case on a per se rule? I think that's the distinction that the appellate court has already made between truly and cases like this. No, it wouldn't require it. But all in fairness, that look at the rule is not contained in the rule itself. The rule itself does not say ministerial tasks only. Isn't that right? That's a distinction the appellate court has made, Your Honors. Yes. Well, I'm trying to talk about the Supreme Court rule. I know. And how it bears on this. There was no limitation on ministerial participation in the rule, is there? No, there's not. And it was the appellate court that assumed that we meant something we didn't say. Is that right? That's why we're advancing a substantial compliance approach. We would argue that the rule is arguably ñ But that's all I want to know. That's new, right, substantial compliance or however you want to put it. That's a new consideration. As far as complying with the rule? Right. An alternative comes down to complying with the rule. As before this court, it is. But the appellate court has been requiring compliance with the rule since 1978 and more. And that has been the approach that the Illinois appellate courts have taken. And courts have found that there is no substantial compliance with the consent component when the law student is appearing and acting instead of the attorney. However, or it could also ñ I mean, there is still substantial compliance with the rule when the law student is not appearing in the courtroom. It's a different standard. It's the difference between C1 and C2 where it's tasks that law students are performing that only an attorney may perform. Then the rule does ñ substantial compliance is at stake. It's not substantially complied with because the consent component is vital in those cases. But in other cases such as Truly, when it's representation that is not something only a law student may provide, then we would argue that the rule is substantially complied with, or at least that the failure to obtain the defendant's consent in that case may be subject. It is a true harmless error. It's not something that requires reversal. Counsel, you started out your remarks by saying there were two violations, consent and supervision. What do you mean by supervision? I thought that it was ñ in this case it was ñ there was a supervising attorney present at the time of the ñ during the proceedings. Yes, Your Honor. What do you mean by supervision? What's the supervision violation? The supervision ñ it's required that a licensed attorney be present and responsible for the conduct of the proceedings. In this case, the licensed attorney attempted to act on his client's behalf, and the trial court said you do not have a right to act on Denzel's behalf. Your co-counsel, being the law student, started this examination. She has to finish it. We don't allow tag team in this courtroom. Obviously, in that case, it's a plain violation of the plain language of the rule because the attorney is not responsible for the case when he is not permitted to act on his client's behalf. Would there be a prescription against the attorney writing a note to this law student and say pursue this line of questioning? I think, given that the rule requires that the attorney be present and responsible, that implies that the attorney makes a decision on what his responsibility needs to be. If he thought that it was only necessary to write a note, then that would arguably be satisfied with the rule. But in this case, he felt the need to act on Denzel's behalf, and he was not permitted to do so. Would there be an error on the part of the trial judge not allowing the supervising PD to ask that question? Yes, it would. It wouldn't affect this at all, then? I'm sorry. It wouldn't impact upon this case at all if it's error on the part of the trial judge. It can be reviewed. I'm sorry. I guess I'm misunderstanding this court's question. I'm sorry. I think Rule 711 can be violated by the trial court as well, if that's what Your Honor is getting toward. And I think in this case, that was part of the manner in which Rule 711 was violated. Counselor, and I believe I misspoke earlier when I mentioned the Brigham case in asking Mr. McNeill a question, but let me ask you basically the question I was trying to ask at that time. The U.S. Supreme Court has indicated there are basically seven structural errors, right, that would be a per se reversal. He indicated that it would be deprivation of counsel in this particular situation. I believe the way the U.S. Supreme Court said it is total deprivation of the right to counsel. In thinking about your last answer to Justice Garmon, this whole thing where, you know, the licensed attorney wanted to continue the examination and didn't, and Justice Garmon said, well, you know, that attorney could pass a note, you know, could ask for a recess and talk to the law student or what have you. Is that really a total deprivation of counsel to raise the level of structural error requiring per se reversal rather than a harmless error analysis? In that case, I'm not certain that it would be an actual deprivation of the right to counsel if the client had consented at first to the appearance of the law student and then the supervising attorney was at all times permitted to be responsible. So long as they could maintain their responsibility, it would not be. Well, we're accepting for purposes of argument, in fact, there's no dispute in this case that there was not consent, right? Right, correct. So that's the whole issue. I mean, with lack of consent, is there going to be a structural error raising to the level of per se reversal versus a harmless error analysis and a Strickland analysis as to whether or not there was prejudice to the individual defendant in the case? So I'm saying what even in this situation where the judge doesn't allow licensed counsel to continue the examination of the witness, right, is that, even that, is that total deprivation if there was still a supervising attorney there who could make suggestions, could ask for a recess, could slip a note to the law student? I think based on the case law that we've cited with Hernandez and other instances, whenever an attorney is denied the right to act, it is a per se deprivation of the right to counsel. So in this case, when the attorney was told by the trial court to sit down, and in fact that he did not have a right to represent Denzel, yes, I would say that is absolutely a total deprivation of the right to counsel. And so I would, we would say that it would be advisable to find that when, in this kind of circumstance, it is a per se deprivation of the right to counsel. It's also consistent with the way that this court enforces its rules. It's unnecessary to reach that constitutional question because, Your Honor was touching on this briefly, the rule has already been carefully drafted, very carefully drafted, to ensure that when it is followed, compliance is found. And it's very similar to Rule 651C in that regard, in that the defendant had this broader right under the Statutory Post-Conviction Act to reasonable representation. Rule 651C was created by Your Honors to ensure that right. Rule 711 also has been very cognizant when it was drafted, that it is achieving the benefit of law students to train, so long as that representation is never at the defendant's expense. It already contains the requirements to ensure that the right to counsel is protected. So just like Rule 651C, when you don't see that those requirements have been followed, the broader right that the defendant has to a fully trained attorney is impacted. So it's... That would be irrespective of consent. Well, consent is one of the components. I understand it, but if I'm understanding your argument, if you had a case where there had been consent, and the student lawyer went into these forbidden areas, that case would be subject to the per se rule, wouldn't it? Yes, Your Honor. I would submit that it would. So the conflict or lack of it would make no difference in that circumstance. Consent, Your Honor? Consent, I'm sorry. Yeah. We would submit that consent is vital to protect the rule, but even when the defendant has consented, when other components of the rule aren't violated or are not achieved, then yes, we would say, even if you look beyond the issue of consent, the licensed attorney must at all times be present and responsible. And that's what the appellate court found in this case. And is it your argument, the same as your co-counsel's argument, that this is a by allowing a 7-11 student to represent a defendant,  I think he's consenting to something less than what he's entitled. He's not giving up his right to counsel, and therefore minors can definitely consent to the representation of the law student. He's saying a law student may train by appearing in my case so long as he assists counsel and so long as counsel is responsible. So in that case, when the rule is complied with, he's not waiving his right to counsel. It's just a kind of de facto waiver of counsel when the rule is not complied with. And that's when the right to counsel becomes at stake because of the fact that the rule has already been carefully drafted. And I see that my time is coming close. I would also like to note that looking for compliance rather than looking for additional harm is a very easy and objective test for courts to apply that will result in consistent results but still allows for case-by-case analysis. In any case, a court may look to the record and see if the rule was complied with. In this case, the court would see that there was no showing of consent and that there was no lawyer permitted to be present and responsible. So it would account for a case-by-case determination but with consistent results. So therefore, Your Honors, we respectfully request that you affirm the finding of Denzel or of the appellate court in this case and grant Denzel a new adjudication hearing. Can I counsel before your time completely, if I may? The point that you highlighted earlier when the trial court, who was not aware that there was a Rule 711 attorney in court, is that right? Defense counsel did make note that there was. Defense counsel informed the trial court of that fact. All right. I didn't realize that. And the judge persisted in still denying it. That's correct. All right. But if we were to apply a prejudice test, was that line of examination something that you can show prejudice on or not? Absolutely. Because this case was a credibility case. It's not always we don't know exactly what the law student was trying to achieve through her questions because she wasn't allowed to complete those questions and defense counsel was not permitted to intervene. So there's a certain extent that it's still structural error. But since she was going for credibility, I do believe Denzel was harmed significantly by the fact that she could not, the attorney could not complete the examination. Thank you. Thank you. I'd just like to start off by talking about counsel for Kenneth Smith refers to the defendant was denied the right to counsel for certain portions of the hearings. In other words, when the 711 student was participating, it was as if the public defender was just not even present. The Supreme Court in Bell v. Cohn has completely has addressed that on point where Cohn said that the court rejected the claim that failure to oppose a prosecution at specific points, quote, unquote, rather than as a whole places the issue within the purview of chronic rather than strickland. And the court said what that is is that's a difference not of degree but of kind. So the analysis, even if the allegation is that the defendant was denied counsel because of something that the attorney didn't do at certain junctures or was not there, that's still not a complete denial of counsel under chronic. It gets reviewed under strickland. I think it's also in response to there's been the suggestion that the to not do anything in these situations is to ignore the Supreme Court's inherent authority to create these rules. The state would say that what's happening is that it's not to ignore them, it's not to condone their violation, but only to hold that the defendant in such a situation is not entitled to an outright reversal. And those are two totally different things. On the issue of People v. Truly, Truly did hold, and it's the only case in the state of Illinois that says that refused to hold a per se denial of counsel for the lack of consent. And then Truly, it granted these, a student in Truly was not participating in court. But I think it's important to note that 711 does not distinguish between situations where a student is participating in court at a critical stage or not. The rule itself requires consent for any number of things, including preparing certified copies or preparing the defendant to testify or other witnesses to testify or other things that are not, would not be considered critical stages. 711 still requires consent. The, I think it's also important, and I guess I should have brought this out earlier, that the presence of a law student participating at certain junctures, whether it's putting on a witness or doing a closing argument, doesn't cancel out the representation that that defendant's been receiving throughout the proceedings. And that's what the appellate court in Denzel W. held. It said by simply participating at these junctures without consent, it's as if the defendant was going pro se, that he didn't have a lawyer. And I don't think that's appropriate from a legal or analytical standpoint. The presence of a law student can't be held to, by itself, vitiate the representation that the defendant's already been receiving. In responding to the suggestion that Gonzales-Lopez guides this court in its analysis, I would suggest that that's completely incorrect, because Gonzales-Lopez dealt with a separate part of the Sixth Amendment right to counsel, and that's a separate right, excuse me, the right to counsel of choice. So in that situation, when a defendant is denied the counsel of his or her choosing, the violation's complete. No showing of prejudice is required. However, with the right to effective counsel, the violation is not complete unless the defendant is completely deprived of his right to an attorney, and that's what Cronick says. The... is it depends upon whether there's a showing of prejudice. That's correct. The remedy, and I know Kenneth Smith has suggested repeatedly that, well, where's the remedy? Where's the remedy? And again, it is not to suggest that the violation, that this Court's rules are simply advisory, that they should be ignored, but it's also, it's a completely different thing to say that by virtue of the violation of one of those rules, a defendant is entitled to an automatic reversal. So in this case, because the defendant wasn't harmed or prejudiced in any way, he's not entitled to a remedy. The Rule 711 does state that consent must be obtained, but it doesn't include anything that would direct the courts toward any kind of remedy, because it doesn't, I think it's important because it doesn't, it is not so intricately connected with the right to counsel. And to the extent that it is, that's covered by the supervision component. The suggestion that during the trial of, the adjudication of Denzel W. that the defendant was somehow deprived of counsel when the public defender was not allowed to conduct a redirect examination, I think it's important to point out that the only thing the trial court didn't allow the public defender to do was actually do the questioning, because under the trial court's discretion to maintain the orderly process of trial can have one attorney doing the examination of each witness. And it's, again, it's not as if the trial court told the public defender to leave the courtroom or prevented him from doing anything to continue the supervision that he had been providing thus far. He just required the 711 student to finish the redirect examination, which she did, and she did ask several more questions. The largest problem with the analysis, and I think Justice Garmon pointed this out, is that to find, to equate consent with waiver doesn't make sense. And that's something that we've tried to impress on this court, and we did point that out in a footnote regarding juvenile court cases, where juveniles can't waive their rights to counsel. So if the analysis of Denzel W. were to adhere, it would mean that at no point during a juvenile delinquency proceeding could a 711 student participate, because it has the effect of depriving a defendant of counsel. It just does not make sense. It's a non sequitur. So for those reasons, and for all those reasons, we would ask that this court reverse the decision respectfully in Denzel W. and affirm the decision in Kenneth Smith. Thank you. The consolidated cases 10703 and 107112 will be taken under advisement as agenda number two.